UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Case No. 25-60108

**EXXON MOBIL CORPORATION,**

Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION; KEITH SONDERLING, ACTING SECRETARY, U.S. DEPARTMENT OF LABOR;**

Respondents.

On Review from the Decision of the Occupational Safety & Health Review Commission, OSHRC Docket No. 22-0809

# RESPONDENT SECRETARY OF LABOR'S PETITION FOR PANEL REHEARING


DARREN GEIST
Deputy Solicitor for Policy

EDMUND C. BAIRD
Associate Solicitor for
Occupational Safety and Health

HEATHER R. PHILLIPS
Counsel for Appellate Litigation

SHEILA EILEEN NAUGHTON
Attorney
U.S. Department of Labor
200 Constitution Ave., NW
Room S-4004
Washington, DC 20210
(202) 693-5499
naughton.sheila.e@dol.gov


September 4, 2026

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................ ii

**INTRODUCTION** ........................................................ 1

**REASONS FOR GRANTING REHEARING** ........................................................ 3

**CONCLUSION** ........................................................ 5

**CERTIFICATE OF SERVICE** ........................................................ 6

**CERTIFICATE OF COMPLIANCE** ........................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

### Cases


*Califano v. Sanders*,
430 U.S. 99 (1977) .......... 2

*La. Chem. Ass'n v. Bingham*,
657 F.2d 777 (5th Cir. 1981) .......... 4

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
583 U.S. 109 (2018) .......... 2

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007) .......... 2

*Workplace Health & Safety Council v. Reich*,
56 F.3d 1465 (D.C. Cir. 1995) .......... 4


### Statutes


5 U.S.C. § 703 .......... 2, 4
5 U.S.C. §§ 702, 703, 704 .......... 2
28 U.S.C. § 1331 .......... 2
29 U.S.C. § 655(f) .......... 2, 4
29 U.S.C. § 660(a) .......... 1, 3, 4


### Rules


Fed. R. App. P. 15 .......... 4
Fed. R. App. P. 40 .......... 3


### Regulations


29 C.F.R. § 1904.5 .......... 1, 2, 3, 5

## INTRODUCTION

Exxon Mobil (Exxon) filed a petition for review under section 11 of the OSH Act, 29 U.S.C. § 660(a), to challenge a decision of the Occupational Safety and Health Review Commission (Commission) that upheld an OSHA citation. On July 21, 2026, the Court granted Exxon's petition and set aside the citation. In addition, the Court—both in a sentence in the opening paragraph and in the last sentence of the decision—stated it was also vacating the regulation, 29 C.F.R. § 1904.5(b)(2)(ix), under which OSHA cited Exxon. *See Exxon Mobil Corp. v. OSHRC*, No. 25-60108, 2026 WL 2097534, at *2, *14 (5th Cir. July 21, 2026). The Court provided no explanation of its authority for vacating the regulation. Because section 11 of the OSH Act does not grant the Court jurisdiction to order such relief, and Exxon did not request that relief, the Court had no authority to vacate the regulation.

There are different avenues for a party to challenge an OSHA citation, a regulation, and a safety or health standard. Once the Commission issues a decision upholding a citation, a party can seek review in a U.S. Court of Appeals under section 11 of the OSH Act, 29 U.S.C. § 660(a). For challenges to regulations issued under the OSH Act, the Administrative Procedure Act (APA) governs. Jurisdiction to hear such a challenge lies with federal district

courts in the first instance.[1] And for challenges to OSHA's safety or health standards, the OSH Act contains specific direction for initial review to be heard in the U.S. Courts of Appeals. 29 U.S.C. § 655(f). The OSH Act does not authorize a court of appeals to review *regulations* in the first instance.

The Secretary therefore seeks panel rehearing for the limited purpose of revising these two sentences in the Court's decision to remove references to vacatur of the cited regulation. The Court should delete the following portions of the two sentences in the decision: the phrase in the opening paragraph: "vacate the agency's rule doing so, 29 C.F.R. § 1904.5(b)(2)(ix)," and the last six words of the last sentence in the decision, "as well as the rule itself." *Exxon*, at *2, *14.

---

[1] *See* 5 U.S.C. §§ 702, 703, 704 (supplying the general right of judicial review to "final agency action" when no other adequate remedy exists in a court); 28 U.S.C. § 1331 (providing federal district courts with original subject-matter jurisdiction over all civil actions arising under federal law, serving as the jurisdictional foundation for APA challenges); *Califano v. Sanders*, 430 U.S. 99, 105 (1977) (holding that the APA is not an independent grant of subject-matter jurisdiction to federal courts and that 28 U.S.C. § 1331 provides the jurisdictional basis for federal court review of agency actions); *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 115–16 (2018) (affirming that challenges to federal agency rulemaking must be brought in federal district court under 28 U.S.C. § 1331 unless the governing statute contains an explicit provision routing the specific challenge directly to the court of appeals); *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (recognizing the "normal default rule" that because federal district courts possess general federal-question jurisdiction under § 1331, persons seeking review of agency action must go first to a district court rather than a court of appeals).

## REASONS FOR GRANTING REHEARING

Panel rehearing is appropriate when a court has "overlooked or misapprehended" a "point of law or fact." Fed. R. App. P. 40. The panel's asserted vacatur of the recordkeeping regulation exceeds the Court's authority granted under section 11 of the OSH Act, 29 U.S.C. § 660(a). Because only the Commission's enforcement order affirming Exxon's violation of 29 C.F.R. § 1904.5(b)(2)(ix) was properly before the Court, the panel lacked jurisdiction to vacate the underlying regulation. Correcting this oversight warrants a limited rehearing.

The OSH Act expressly provides that employers or another adversely affected party can seek review of a Commission final order in a court of appeals. Section 11(a), 29 U.S.C. § 660(a) (authorizing "[a]ny person adversely affected or aggrieved by an order of the Commission" to seek review in the appropriate court of appeals). The reviewing court is empowered to "affirm[], modify[], or set[] aside … the order of the Commission." *Id.* Section 11(a) therefore expressly limits the scope of judicial review and the remedial actions available to the reviewing court. In this case, the only order before the Court was the Commission order affirming the citation and assessing a penalty issued to Exxon for failure to record a work-related mental illness under 29 C.F.R. § 1904.5(b)(2)(ix).

Moreover, Federal Rule of Appellate Procedure 15, governing the review of agency orders, requires the petition for review to "specify the order or part thereof to be reviewed." Fed. R. App. P. 15(a)(2)(C). Here, Exxon identified only the Commission's enforcement order—not any OSHA regulation—as the subject of review, stating it "petition[ed] the Court pursuant to 29 U.S.C. § 660(a) for review of a final order of the Occupational Safety and Health Review Commission . . . specifically . . . the portions of the Decision and Order that affirmed [the contested citation]." Exxon Petition for Review 1.

The panel's vacatur therefore exceeded both the scope of the court's jurisdiction under section 11(a) of the OSH Act as well as the relief Exxon requested. Congress confined court of appeals' judicial review of Commission enforcement orders to the order itself, as Exxon designated in its petition, and provided separate mechanisms for challenging OSHA standards (under section 6(f), 29 U.S.C. § 655(f)) and regulations (under 5 U.S.C. § 703). *See, e.g.*, 29 U.S.C. § 655(f) (allowing pre-enforcement challenges in the courts of appeals for OSHA standards); *La. Chem. Ass'n v. Bingham*, 657 F.2d 777, 778 (5th Cir. 1981) (finding initial review of OSHA regulations should be in district court under the APA); *Workplace Health & Safety Council v. Reich*, 56 F.3d 1465, 1468 (D.C. Cir. 1995) (finding challenges to OSHA regulations that are not occupational safety and health standards must be filed in federal district court

pursuant to the APA). For the Court to have authority to vacate this regulation, an APA proceeding challenging the regulation would have to be first brought in district court.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that the Court grant panel rehearing in this case and, upon reconsideration, remove the decision's language ordering vacatur of OSHA's recordkeeping regulation, 29 C.F.R. § 1904.5(b)(2)(ix).

Respectfully submitted,

DARREN GEIST
Deputy Solicitor for Policy

EDMUND C. BAIRD
Associate Solicitor for
Occupational Safety and Health

HEATHER R. PHILLIPS
Counsel for Appellate Litigation

*/s/ Sheila Eileen Naughton*
SHEILA EILEEN NAUGHTON
Attorney
U.S. Department of Labor
200 Constitution Ave., NW
Room S-4004
Washington, DC 20210
(202) 693-5499
naughton.sheila.e@dol.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of September, 2026, the foregoing petition was served on all registered counsel through the Court's CM/ECF filing system.

/s/ *Sheila Eileen Naughton*
SHEILA EILEEN NAUGHTON
Attorney

September 4, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 40(d)(3)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 1,059 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Calisto MT font.

*/s/ Sheila Eileen Naughton*
SHEILA EILEEN NAUGHTON
Attorney
U.S. Department of Labor
200 Constitution Ave., NW
Room S-4004
Washington, DC 20210
(202) 693-5499
naughton.sheila.e@dol.gov

September 4, 2026